UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WANAKIKSIN STANDS, a/k/a<br>Wanakiksia Stands,<br><br>Defendant. | 3:25-CR-30086-ECS<br><br>ORDER FOR COMPETENCY<br>DETERMINATION AND POSSIBLE<br>RESTORATION |

This Court, on March 17, 2026, held a hearing in response to the Government's Motion Regarding Defendant's Competency. Doc. 25. The Court also considered a competency evaluation from Dr. Clay Pavlis, which concluded that Defendant is not presently competent to stand trial due to psychiatric reasons. Doc. 24. Dr. Pavlis was retained by defense counsel to conduct the competency evaluation. The Government agrees that Defendant is not presently competent to stand trial. Pursuant to 18 U.S.C. § 4241(d), this Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.

The pending Government Motion Regarding Defendant's Competency seeks to initiate restoration treatment with the goal of Defendant regaining competency. Notably, Dr. Pavlis believes restoration is probable with appropriate treatment.

Defendant is currently out of custody and under the supervision of his grandparents. Defendant objects to the Government's motion to the extent it seeks Defendant to be committed to the custody of the Attorney General for hospitalization in a suitable facility for up to four

1

months. The Government's motion parrots the language contained in 18 U.S.C. § 4241(d). Instead of following the language contained in the statute, Defendant urges this Court to order that any restoration hospitalization be conducted locally, by a physician or other expert in South Dakota, and that any such restoration treatment be completed in a timeframe shorter than four months. But in this Court's judgment, the provisions of 18 U.S.C. § 4241(d) are mandatory. Indeed, the statute provides that upon a finding by a court that a defendant is not competent to stand trial, the court "*shall*" commit the defendant to the custody of the Attorney General, and the Attorney General "*shall* hospitalize the defendant for treatment in a suitable facility …. for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward …." Id. (emphasis added).

The Eighth Circuit addressed the mandatory nature of the statute in United States v. Dalasta, 856 F.3d 549 (8th Cir. 2017). In Dalasta, the Eighth Circuit approvingly quoted a Seventh Circuit case for the proposition that "the plain meaning of this phrase [shall commit] is, and we hold it to be, that once a defendant is found incompetent to stand trial, a district judge has no discretion in whether or not to commit him." Id. at 553 (quoting United States v. Shawar, 865 F.2d 856, 860 (7th Cir. 1989)). The Eighth Circuit also noted the statute "imposes a mandatory duty to commit a defendant to the custody of the Attorney General, even if there is undisputed medical evidence that the defendant cannot be restored to competency." Id. (citations omitted).

Here, the Court has no discretion but to remand the Defendant to the custody of the Attorney General for the commencement of restoration treatment.  Therefore, it is hereby

ORDERED that pursuant to 18 U.S.C. § 4241(d) the Defendant is committed to the custody of the Attorney General, who shall hospitalize Defendant for treatment in a suitable facility for up

2

to four months, as it is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings in this matter to go forward and for further evaluation with an aim toward competency restoration.  It is further

ORDERED that Defendant may remain out of custody until he is directed by the United States Marshal's Service to self-report to the Tripp County Jail in Winner, South Dakota. The Marshal's Service will ultimately transport Defendant to the suitable medical facility determined by the Attorney General. It is further

ORDERED that the parties shall notify the Court when Defendant becomes competent to stand trial within those four months or, if not, another hearing shall be set regarding Defendant's competence within those four months.  It is further

ORDERED that Defendant's trial is continued until further order of this Court and that the ends of justice served by continuing the trial outweigh the best interests of the public and the Defendant in a speedy trial insofar as counsel for both parties agree that further hospitalization of the defendant as herein ordered is the best possible, and statutorily required, course of action.

DATED this 23rd day of March, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3